## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MARK MORAWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joan H. Lekfow |
| v. | ) | |
| | ) | No. 1:20-cv-01889 |
| LOCAL 703, I.B. OF T., GROCERY & | ) | |
| FOOD EMPLOYEES' PENSION PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Local 703, I.B. of T., Grocery & Food Employees' Pension Plan ("Fund") respectfully moves this Court to enter judgment on the pleadings in favor of the Fund. In support of this motion, the Fund states as follows:

1.      This is an action for additional pension benefits brought by Plaintiff Mark Morawski ("Morawski") against the Fund. Compl. [Doc. No. 1]. The Fund has paid Morawski a monthly Disability Pension benefit beginning with the month of November of 2017. Amend. Ans. [Doc. No. 18] ¶ 42. Morawski contends that the terms of the Fund's plan entitle him to benefits retroactive to March 1, 2011, six months after the date he alleges that he became disabled. *Id.* ¶ 38. The Fund's interpretation of the plan is that Disability Pension benefits are paid prospectively following a participant's submission of an application, not retroactively.

2.      At the initial status hearing for this case, the parties requested and the Court entered a briefing schedule for cross-motions for judgment on the pleadings. This means the parties agree that there are no disputed material facts and that all of the material facts can be found in the complaint, the answer, or the exhibits thereto. In the event that the Court agrees, it may resolve this lawsuit by deciding which party is entitled to judgment as a matter of law.

1

3.      The parties agree that the plan grants the Fund's trustees discretion to interpret the plan and that the standard for deciding this lawsuit is therefore whether the trustees' interpretation of the plan is arbitrary and capricious.  Amend. Ans. ¶ 37.

4.      As discussed at length in the memorandum concurrently filed in support of this motion, the Fund contends that provisions of the plan clearly reflect that the Fund only pays benefits prospectively, thereby showing that its interpretation of the plan is correct and Morawski is not entitled to additional retroactive benefits.  Even if the Court disagrees, however, the Fund may nonetheless be entitled to a judgment in its favor.  This is because, under the arbitrary-and-capricious standard, to prevail, Morawski must do far more than establish that his interpretation of the plan is superior to the Fund's; he must show that the Fund's interpretation is not reasoned. *See Dragus v. Reliance Standard Life Ins. Co.*, 882 F.3d 667, 672 (7th Cir. 2018).

WHEREFORE, for the reasons stated above and in the Fund's supporting memorandum, the Fund respectfully moves the Court to enter a judgment in its favor.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Defendant

Jeremy M. Barr (ARDC# 6299047)
William M. Kinney (ARDC# 6286597)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361

2